UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| TAWANA YVETTE REESE, ) | Case No. 09-49594-659 |
| ) | Chapter 13 |
| ) | |
| Debtor. ) | PUBLISHED |

**O R D E R**

The matter before the Court is Debtor's Objection to Proof of Claim 2 and Response by GMAC Inc. to Debtor's Objection to Claim. A hearing was held on April 1, 2010 at which both parties appeared by counsel. Subsequent to the hearing and by agreement of the parties, each party submitted appraisals in support of their respective positions. The matter was taken as submitted. Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT**:

Debtor Tawana Reese (hereinafter "Debtor") filed for relief under Chapter 13 of the Bankruptcy Code on September 25, 2009. Debtor owns a 2006 Pontiac G6 (hereinafter "Vehicle") which according to Debtor's Schedule D, had mileage of 44,605 at the time of filing. Creditor GMAC Inc. (hereinafter "Creditor") filed Claim 2 in the amount of $12,782.06 secured by the Vehicle. Debtor objected and argued that the fair market value of the Vehicle at the time of filing was $6,525.00 and therefore, Creditor's Claim 2 should be allowed as a secured claim in the amount of $6,525.00. Creditor argues that the September 2009 National Automobile Dealer's Association Official Used Car Guide, Central Edition (hereinafter "NADA Guide"), values a 2006 Pontiac G6 with approximately 44,605 miles at $11,400.00. Per local rule, three percent (3%) of said value must be deducted and therefore, the secured value of the collateral is $11,058.00. Accordingly, Creditor requests that this Court allow Claim 2 as a secured claim in the amount of $11,058.00, plus 6.7% interest, and unsecured as to the remainder in the amount of $1,724.06.

Both parties submitted their respective appraisals. Creditor's appraisal was conducted by Allan Moore of Car Counselors Consulting, Brokerage and Appraisal on March 9, 2010. Mr. Moore is a member of NADA, a licensed Missouri Wholesale Car Dealer and a Member of Manheim, a nationwide wholesale automobile auction organization. Mr. Moore used the NADA Guide for value of comparable cars and made adjustments for mileage, dents on the doors, chipped paint, stains and dirt on the car seats and the need for new tires. Mr. Moore assesses that detail work, a paint touch-up and new tires will cure the Vehicle's imperfections. In consideration of the above, Mr. Moore appraised the car at $10,400.00, though it was stated that comparable vehicles could range in value from $10,700.00 to $11,900.00.

Debtor submitted an appraised liquidation value of the car as between $3,000.00 and $4,000.00. Debtor's liquidation appraisal was conducted by ATEC, Inc. In addition to all the imperfections reported in Creditor's appraisal, Debtor's appraisal also noted damage to the grill and radiator, front and rear bumpers and the driver side tail light. Neither Creditor nor Debtor submitted an estimate for the cost of repair to the Vehicle.

## JURISDICTION

This Court has jurisdiction of this matter pursuant 28 U.S.C. §§ 151, 157 and 1334 (2009) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

The value attributed to a vehicle sought to be paid for through a Chapter 13 plan is the retail value of the vehicle on the date of confirmation. *In re Mitchell,* 320 B.R. 687, 689 (Bankr. E.D. Mo. 2005); *In re Hill,* 311 B.R. 521, 524 (Bankr. E.D. Mo. 2004). In the Eastern District of Missouri,

retail value is determined by Local Bankruptcy Rule 3015-2(G). Local Rule 3015-2(G) states that:

> [a]bsent evidence to the contrary, the Court presumes an automobile will depreciate at a rate of 1.5% of the vehicle's value per month. The plan shall compensate secured creditors for this rate of depreciation. Absent evidence to the contrary, the value of vehicles for this purpose shall be determined using the Court's Vehicle Valuation Policy in the Procedures Manual.

L.R. 3015-2(G) (2009).

The Court's Vehicle Valuation Policy (hereinafter "Policy") requires that absent evidence to the contrary, the value of a vehicle be equal to 97% of the NADA (Central Edition) retail value.

In the case at bar, Debtor submitted an appraisal of the liquidation value, not the retail value as required by the Policy. Debtor's submission of a liquidation value would be appropriate in a Chapter 7 case where liquidation value is sufficient; however, this is a Chapter 13 case where retail value as opposed to liquidation value is the basis for valuation.

The Court finds Creditor's appraisal of $10,400.00 as persuasive but not conclusive and will therefore apply the Policy to the facts of this case. According to the NADA Guide, the base retail value of the Vehicle is $9,400.00. The Vehicle has aluminum alloy wheels; therefore, the NADA Guide suggest a positive adjustment in the amount of $300.00. The Vehicle also has a power sunroof for which the NADA Guide suggest a positive adjustment in the amount of $575.00. The NADA Guide also suggest a positive adjustment in the amount of $350.00 for the Vehicle's mileage. Based on the above, the NADA Guide suggest a retail value of $10,675.00. Creditor appraised the Vehicle at $10,400.00 based on certain imperfections and needed repairs. Had the Court been presented with tangible evidence of repair costs which differ from that incorporated in Creditor's appraisal, the Court would have been inclined to make a commensurate deduction. As this is not the case, and because this Court finds Creditor's appraisal to be credible, Creditor's appraised value of $10,400.00 will be accepted as the suggested retail value. Applying the Policy,

the value of the Vehicle is 97% of $10,400.00 or $10,088.00. Therefore,

**IT IS ORDERED THAT** Debtor's Objection to Claim 2 filed by GMAC Inc. is SUSTAINED, IN PART, in that Claim 2 is allowed as a secured claim in the amount of $10,008.00 and an unsecured claim in the amount of $2,774.06.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: May 6, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Tawana Yvette Reese
10124 Cloverdale Street
St. Louis, MO 63136

Deanna Angeli Foley
2531 Hampton Ave.
St. Louis, MO 63139

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

Angela Renee Collins
Riezman Berger, P.C.
7700 Bonhomme, 7th FLoor
St. Louis, MO 63105

Marilyn J. Washburn
Riezman Berger, P.C.
7700 Bonhomme, Fl. 7
St. Louis, MO 63105

4